Filed 7/24/15  P. v. Williams CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRIAN O'NEAL WILLIAMS,<br><br>    Defendant and Appellant. | E062659<br><br>(Super.Ct.No. FVI1102487)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Jared M. Hartman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a negotiated plea agreement, defendant and appellant Brian O'Neal Williams pled no contest to attempted failure to register as a sex offender annually (Pen. Code, §§ 664, 290.011, subd. (a)); in return, the remaining allegations were

1

dismissed and defendant was sentenced to a stipulated term of eight months in state prison with credit for time served. Defendant appeals, challenging the sentence or other matters occurring after the plea, as well as the validity of the plea. We find no error and affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND[1]

In 1985, defendant was convicted of kidnapping (Pen. Code, § 207) and rape by force (Pen. Code, § 261) in Los Angeles County and was required to register as a sex offender.

On October 4, 2011, a San Bernardino County Sheriff's Department detective responsible for sex offender registration compliance discovered that defendant's last date of registration was September 2, 2010, as a transient, and that defendant had failed to register annually as required by Penal Code section 290. Defendant also had an active arrest warrant for violating parole and his whereabouts were unknown.

On October 27, 2011, a felony complaint was filed charging defendant with transient failing to register annually (Pen. Code, § 290.11, subd. (c); count 1) and failure to advise prior agency of move (Pen. Code, § 290.013; count 2). The complaint further alleged that defendant had suffered two prior prison terms. (Pen. Code, § 667.5, subd. (b).)

---

[1] The factual background is taken from the sheriff's reports.

2

On November 2, 2011, an arrest warrant was issued for defendant. Three years later, on November 19, 2014, defendant was eventually found to be in custody. On November 26, 2014, the complaint was amended to add attempted failure to register annually (Pen. Code, §§ 664, 290.011, subd. (a); count 3), as a lesser included offense to count 1. Defendant thereafter entered into a negotiated plea and pled no contest to count 3 in exchange for a stipulated term of eight months in state prison.

After directly examining defendant, the trial court found that defendant had read and understood his declaration and the plea form; that defendant understood the nature of the charges and the consequences of the plea; that defendant had knowingly, intelligently, freely, and voluntarily waived his constitutional rights; that the plea was entered into freely, voluntarily, knowingly, and intelligently; and that there was a factual basis for the plea. Defendant was thereafter immediately sentenced to eight months in state prison in accordance with his plea agreement and awarded 46 days credit for time served.

On December 30, 2014, defendant filed a notice of appeal and a request for a certificate of probable cause, challenging the validity of the plea. In his request for a certificate of probable cause, defendant claimed that he was "incompetent to the fact" that he would be serving a "new prison conviction" and believed that his sentence would run concurrent with a parole violation. On December 30, 2014, the trial court granted defendant's request for a certificate of probable cause.

On January 26, 2015, an amended notice of appeal was filed, challenging the sentence or other matters occurring after the plea, as well as the validity of the plea.

## II

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
J.

We concur:


RAMIREZ_____
P. J.


CODRINGTON_____
J.